**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DWAYNE ANTHONY SCOTT**                                    **CIVIL ACTION**

**VERSUS**

**DR. KILOLO KIJAKAZI, ACTING**                              **NO. 15-404-JWD-EWD**
**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 25, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWAYNE ANTHONY SCOTT** | **CIVIL ACTION** |
| **VERSUS** | |
| **DR. KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION** | **NO. 15-404-JWD-EWD** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the Motion and Amended Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion for Fees")[1] and the Motion to Enlarge Time for Filing Attorney's Fees Under § 406(b),[2] both filed by counsel for Plaintiff Dwayne Anthony Scott ("Plaintiff"). Defendant, Dr. Kilolo Kijakazi, the current Commissioner of Social Security Administration ("Commissioner"), does not take a position as to substance of counsel's Motion for Fees, and does not oppose an enlargement of time.[3] It is recommended that the Motion for Enlargement be granted, and the Motion for Fees be granted in part, as the fee sought is reasonable; however, the Equal Access to Justice Act fee previously awarded should be refunded rather than deducted from the § 406(b) fees.[4]

---

[1] R. Docs. 34, 39. Plaintiff's operative Amended Motion for Fees is substantively the same as the original Motion for Fees and differs only in the deletion of a sentence from the original Motion wherein Plaintiff initially stated that counsel for the Commissioner did not oppose the Motion. *Compare* R. Doc. 34, p. 2 *with* R. Doc. 39, p. 2. In any case, the Commissioner does not take a position as to Plaintiff counsel's request for fees, only that counsel be ordered to reimburse Plaintiff for the Equal Access to Justice Act fee previously awarded if counsel is awarded a greater amount of 42 U.S.C. §406(b) fees. R. Doc. 41, p. 5.

[2] R. Doc. 35.

[3] *See* R. Doc. 41. Dr. Kijakazi is the current Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) (A Social Security proceeding survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[4] The Motion for Fees and the Motion for Enlargement were referred. While the question of whether a post-trial motion for attorney's fees is dispositive does not appear to have been decided by the U.S. Court of Appeals for the Fifth Circuit, the courts to recently have considered the issue have held that a post-trial motion for attorney's fees is a dispositive matter upon which a magistrate judge should enter a report and recommendation. *See e-Watch, Inc. v. Mobotix Corp.,* No. 12-492, 2014 WL 12493353, at *1, n. 2 (W.D. Tex. Dec. 23, 2014), *report and recommendation adopted,* No. 12-492, 2015 WL 11622482 (W.D. Tex. Jan. 23, 2015) (collecting cases). Accordingly, the undersigned

I.  **Background**

Plaintiff filed suit in this Court to appeal the Commissioner of the Social Security Administration's denial of his application for disability benefits.[5] On March 3, 2016, Plaintiff filed a Memorandum in Support of Appeal.[6] The Commissioner filed an Answer[7] and Memorandum in Opposition[8] on May 2, 2016. On February 24, 2017, the undersigned issued a Report and Recommendation, recommending that the Commissioner's decision be reversed and that the case be remanded under sentence four of 42 U.S.C. § 405(g).[9] The District Judge adopted the Report, and the case was reversed and remanded to the Commissioner for further proceedings.[10] Plaintiff's counsel was awarded $7,380 in attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)("EAJA").[11]

The Commissioner then issued a July 15, 2019 Notice of Award that was favorable to Plaintiff, awarding past due benefits of $84,076 for the period October 11, 2011 through December 2015.[12] The Notice of Award also provides that $21,019 of Plaintiff's past due benefits was withheld to pay attorney fees.[13] On July 23, 2019, five days after Plaintiff's counsel contends that she received the Notice of Award (*i.e.*, July 18, 2019),[14] Plaintiff's counsel filed the instant Motion, seeking an award of $21,019 in fees pursuant to 42 U.S.C. § 406(b) ("§ 406(b) fees"), less the

---

issues a report on the Motion for Fees, and includes a recommendation on the Motion for Enlargement, although that is a non-dispositive matter.
[5] R. Docs. 1, 16.
[6] R. Doc. 16 *and see* Plaintiff's Reply at R. Doc. 25.
[7] R. Doc. 17.
[8] R. Doc. 18.
[9] R. Doc. 27.
[10] R. Docs. 28.-29.
[11] R. Doc. 33 and R. Doc. 34-7, p. 2. The Commissioner did not oppose the motion for EAJA fees. R. Doc. 32.
[12] R. Doc. 34-5, p. 3. According to the Notice of Award, the Commissioner determined that Plaintiff's disability ended in October 2015, and he was eligible for benefits until December 2015. *See* R. Doc. 34-5, p. 2.
[13] R. Doc. 34-5, p. 4. The Notice of Award also states that "Under the fee agreement, the representative cannot charge you more than $6,000.00 for his or her work." The referenced fee agreement appears to be the agreement that Plaintiff had with Mr. Peter Lemoine, counsel who represented Plaintiff before the Commissioner, not the Court. *See* R. Doc. 9-5, p. 2 (contingency fee agreement with Mr. Lemoine). Ms. Meserow is not aware if Mr. Lemoine has been paid pursuant to Plaintiff's agreement with him. R. Doc. 34-3, p. 2, n. 1.
[14] R. Doc. 34-3, p. 2.

2

$7,380 EAJA fee previously awarded, for a net fee of $13,639.[15] Plaintiff's counsel also contemporaneously filed a Motion for Enlargement of Time to seek the § 406(b) fees.[16]

## II. Law And Analysis

### A. The Motion for Enlargement of Time Should Be Granted

Unlike the EAJA thirty-day filing period, § 406(b) does not contain a specific time period governing the filing of a motion for attorney's fees.[17] However, the Fifth Circuit has held that "Fed. R. Civ. P. 54(d)(2) applies to any request for attorney's fees '[u]nless otherwise provided by statute or order of the court.'"[18] Fed. R. Civ. P. 54(d)(2) provides, in pertinent part, that a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment."

In this case, the judgment was entered on March 13, 2017,[19] and there is no prior order or ruling that could be interpreted as an extension of the fourteen-day deadline following the entry of that judgment. However, as explained in *Wilcox*:

> [C]ourts routinely entertain § 406(b) requests filed after the 14–day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of judgment, rendering observance of this deadline frequently impractical. Thus, although this Court has issued no previous directive concerning a time limit for filing a § 406(b) request, it now exercises its discretion in finding that the timing of this Motion is not unreasonable and causes no prejudice or harm to Defendant.[20]

---

[15] R. Doc. 34-1, pp. 1-2.
[16] R. Doc. 35.
[17] *Daigle v. Comm'r of Soc. Sec.,* No. 06-2393, 2010 WL 2814522, at *2, *vacated sub nom. Daigle v. Soc. Sec. Admin.,* No. 06-2393, 2010 WL 3522389 (W.D. La. Aug. 31, 2010), *citing Pierce v. Barnhart,* 440 F.3d 657, 663 (5th Cir. 2006).
[18] *Pierce,* 440 F.3d at 663 (citations omitted).
[19] R. Doc. 29.
[20] *Wilcox v. Astrue,* No. 3:07-0365, 2010 WL 3075264, at *1 (S.D. Tex. Aug. 5, 2010). Thus, the Motion for Enlargement is likely unnecessary, as the cases reflect that courts tend to consider § 406(b) fee requests that are filed within a reasonable time after notices of award are issued, which is logical for the reasons asserted by Plaintiff's counsel, *i.e.*, counsel would not know how much §406(b) fees to seek and whether any have been withheld until the notice of award is issued. *See Daigle,* 2010 WL 3522389, at *3 (vacating magistrate judge's ruling and finding that §406(b) fee motion, filed about four months after the notice of award, was timely).

The Notice of Award in this case is dated July 15, 2019, which counsel states she received on July 18, 2019.[21] Counsel filed the instant Motion five days later on July 23, 2019, and persuasively argues that, prior to the Notice of Award, she had no way of knowing if she would be entitled to receive attorney fees under § 406(b), because she could not know whether Plaintiff would prevail before the Commissioner on remand, and counsel "could not know until after a calculation of benefits whether any money would be withheld from [Plaintiff's] past due benefits and be available for 406(b) attorney fees, or what amount that would be."[22] In light of these facts, including the speed with which counsel filed the Motion for Fees after receipt of the Notice of Award, the referenced authority, and the loss of reasonable fees to counsel if fees are denied as untimely sought,[23] the Court should exercise its discretion in finding that the timing of the Motion for Fees was not unreasonable and causes no prejudice or harm to the Commissioner, who does not challenge timeliness.[24] Accordingly, it is recommended that the Motion for Enlargement be granted.

### B.  The § 406(b) Fee Sought is Reasonable

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant …who was represented before the court by an attorney," the court may allow a reasonable award for the attorney's representation, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled…."[25] Pursuant to *Gisbrecht v. Barnhart*,[26] primacy must be given to fee agreements when determining an award of § 406(b) fees, and "[w]ithin the 25

---

[21] R. Docs. 34-3, 34-5.
[22] R. Doc. 35, p. 2.
[23] *See Daigle,* 2010 WL 3522389, at *3 ("Also, as the Court finds that denying counsel his reasonable fees would render an unconscionable result, the Court further relies on its broad equitable powers in finding that counsel's attorney's fee award is not untimely.").
[24] R. Doc. 41, p. 6.
[25] 42 U.S.C. § 406(b)(1)(A).
[26] 535 U.S. 789 (2002).

4

percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[27] The Fifth Circuit has clarified the applicability of *Gisbrecht* as follows:

> *Gisbrecht* does not altogether preclude a district court's consideration of the lodestar method in a § 406(b) fee determination. Instead, *Gisbrecht* commands that where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney-and thus not attributable to the attorney's representation of the client before the court.[28]

Plaintiff contracted with counsel to pay fees of 25 percent of Plaintiff's past due benefits.[29] Plaintiff recovered $84,076 in past due benefits and the Notice of Award states that 25 percent of those benefits, or $21,019, was withheld for fees.[30] Plaintiff's counsel seeks to recover $21,019 in fees, less the previously awarded $7,380 EAJA fees, for net fees of $13,639, resulting in an imputed hourly rate of $221.77.[31] Plaintiff's counsel has submitted a dated description of the work she performed in this case, including 61.5 total hours expended, and contends that the requested fee is reasonable "in light of the time spent, the result achieved, previously approved billing rates in the community, and the chances of prevailing on judicial review."[32] The Commissioner has declined to take a position on the reasonableness of the § 406(b) fees sought, but contends that, if Plaintiff's counsel is awarded § 406(b) fees, the entire § 406(b) fee found reasonable by the Court should be awarded, and counsel should be responsible for reimbursing Plaintiff the $7,380 in EAJA fees previously received.[33]

---

[27] 535 U.S. at 807 and *Wilcox,* 2010 WL 3075264, at *1, *citing id.*
[28] *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).
[29] R. Doc. 34-3, p. 1 and R. Doc. 34-4.
[30] R. Doc. 34-5, p. 4.
[31] R. Doc. 34-1, p. 3.
[32] R. Docs. 34-6 and 34-1, p. 3.
[33] R. Doc. 41, p. 5.

A review of the time record submitted in support of the Motion for Fees shows that counsel spent 61.5 hours on Plaintiff's case, which included work reasonable and necessary on the case and which resulted in remand and a favorable benefits decision for Plaintiff.[34] The gross $21,019 § 406(b) fee claimed, which represents 25 percent of Plaintiff's past due benefits as agreed upon by the parties and permitted by law, results in an hourly rate of $341.77.[35] This is a reasonable hourly fee, in light of the deference given to contingency fee contracts, the success of counsel's representation of Plaintiff in obtaining past due benefits, the complexity of the arguments asserted, the significant risk of loss in undertaking these types of cases, and the amount of fees awarded in past cases.[36] An award of this fee would not result in a windfall to counsel if the contingency fee agreement is enforced.[37]

Attorneys "who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b)…."[38] However, where fees are awarded under both statutes, counsel "must refun[d] to the claimant the amount of the smaller fee."[39] Consistent with this principle, after her receipt of the § 406(b) fees, Plaintiff's counsel shall reimburse Plaintiff the $7,380 in EAJA fees previously awarded.[40]

---

[34] R. Docs. 34-3, 34-5, and 34-6; 42 U.S.C. § 406(b)(1)(A); *Gann v. Colvin*, No. 14-189, 2016 WL 4203829, at *1 (M.D. La. Aug. 8, 2016) and *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (holding that §406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand).

[35] R. Doc. 34-4. The hourly fee is calculated on the entire amount withheld because the EAJA fee is properly refunded, not deducted from the § 406(b) fee award. The practical effect is the same whether the EAJA fee is refunded to Plaintiff and counsel keeps all the § 406(b) fees or the § 406(b) fees are reduced by the EAJA fee award.

[36] As Plaintiff points out (R. Doc. 34-1, p. 4), the Court approved § 406(b) fees based on a rate of $517 per hour in *Gann*, 2016 WL 4203829, at 2. *See also Wilcox*, 2010 WL 3075264 at *1, finding $20,388.81 in §406(b) fees reasonable.

[37] Plaintiff also agreed that counsel could seek an award of 25 percent of Plaintiff's past due benefits. R. Doc. 34-4.

[38] *Jackson*, 705 F.3d at 529 n. 2.

[39] *Jackson*, 705 F.3d at 529, n. 2, *citing Gisbrecht*, 535 U.S. at 796).

[40] This is also consistent with the parties' fee agreement. R. Doc. 34-4. *See Gisbrecht*, 535 U.S. at 796. *See also Gann*, 2016 WL 4203829, at *2 and *Chaaban v. Colvin*, No. 13-167, 2015 WL 5174020, at *1 (M.D. La. Sept. 2, 2015) (both *citing Jackson*, 705 F.3d at 529 n. 2 (when fees are awarded under both the EAJA and § 406(b), counsel "must refund to the claimant the amount of the smaller fee")).

6

### III. Conclusion

As the Motion for Fees seeks a reasonable attorney's fee and the Motion for Enlargement causes no prejudice to the Commissioner:

**IT IS RECOMMENDED** that the Motion to Enlarge Time For Filing Attorney Fees Under § 406(b),[41] filed by Plaintiff Dwayne Anthony Scott, be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Motion and Amended Motion for Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b),[42] in which Plaintiff's counsel seeks an award of attorney's fees for her successful representation of Plaintiff Dwayne Anthony Scott, be **GRANTED IN PART,** and that Plaintiff's counsel be **AWARDED $21,019** in attorneys' fees under 42 U.S.C. § 406(b)(1)(A).

**IT IS FURTHER RECOMMENDED** that Plaintiff's counsel be ordered to **REIMBURSE** to Plaintiff Dwayne Anthony Scott the **$7,380** in fees previously awarded pursuant to the Equal Access to Justice Act and that, within seven days of her receipt of the § 406(b) fees awarded, Plaintiff's counsel be ordered to file a Notice of Compliance with the Court, certifying that she has reimbursed Plaintiff Dwayne Anthony Scott.

Signed in Baton Rouge, Louisiana, on August 25, 2021.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] R. Doc. 35.
[42] R. Docs. 34, 39.